**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHARLES NEIDIG, JR. | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | C.A.No. 07-229Erie |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Magistrate Judge Baxter |
|     Defendant. | ) | |

### OPINION AND ORDER[1]

    Presently pending before this Court is a filing that this Court has liberally construed as a Motion for Reconsideration. See Document # 39.


### PROCEDURAL HISTORY

    On August 21, 2007, Plaintiff, a prisoner incarcerated at FCI McKean, filed the instant action pro se. As Defendants, Plaintiff only named "Medical Staff, FCI Mckean [sic]" and "Staff, FCI Mckean [sic]." This lawsuit was filed as a combined *Bivens*/FTCA action. In his original complaint, Plaintiff alleges that unnamed staff at FCI McKean delayed in diagnosing and treating his appendicitis, and that prescribed medications interfered with the antibiotic treatment given to him at Bradford Regional Medical Center ("BRMC"), where he was eventually treated for appendicitis. Plaintiff raises an Eighth Amendment claim under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), alleging that unnamed prison staff were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. Further, Plaintiff alleges that the United States of America should be held

---

[1] In accordance with the provisions of 18 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment. See Documents # 6 (Plaintiff's consent filed September 13, 2007); Document # 16 (consent of Defendants "Medical Staff" and "Staff - FCI McKean" filed January 22, 2008); Document # 36 (consent of Defendant United States filed October 28, 2008).

liable for the medical negligence of its employees under the Federal Tort Claims Act.

Defendants filed a motion to dismiss or in the alternative for summary judgment which this Court granted in part and denied in part by Opinion and Order dated July 18, 2008. More specifically, the *Bivens* claim was dismissed due to Plaintiff's failure to exhaust in accordance with the Prison Litigation Reform Act, while the FTCA claim survived. This Court specifically directed that Plaintiff had until August 1, 2008, to correct the caption of the case to name the United States of America as the proper party-defendant. Plaintiff did not timely comply with that Order.

By Order dated September 3, 2008, Plaintiff was directed to show cause for his failure to name the United States of America as a Defendant in this action. The Order warned that failure to comply would result in the dismissal of this action. Thereafter, Plaintiff filed an Amendment naming the United States as a Defendant to this action.

On September 25, 2008, Defendant United States filed a motion for extension of time which was granted by this Court. On October 27, 2008, Plaintiff filed "Objections to Defendant's motion for extension of time to file a responsive pleading and/or dispositive motion." Document # 35. Liberally construing Plaintiff's filing, it appears that Plaintiff may have been unaware of this Court's Opinion and Order issued July 16, 2008 (Document # 28) dismissing his *Bivens* claim. Plaintiff was transferred from a federal facility to a state prison around this time which may explain why he did not receive this Opinion.

Plaintiff was given the opportunity to file a motion for reconsideration and brief in support of reconsideration. On December 16, 2008, Plaintiff filed "Objections and Challenge to Order dated July 18, 2008" [Document # 39] and thereafter, Defendants filed a Brief in Opposition [Document # 41].


## RECONSIDERATION

"[M]otions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided." Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998) citing Rottmund v. Continental Assurance Company, 813 F.Supp.

1104, 1107 (E.D. Pa. 1992); Glendon Energy Company v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993).

In his motion, Petitioner contends that reconsideration is warranted as to the dismissal of his *Bivens* claim because 1) the Bureau of Prisons could not have granted him the monetary relief he seeks through the grievance process and 2) that he was unable to obtain the required grievance forms in a timely manner due to "the high incedence [sic] of vacation time." Both of these arguments lack merit.

First, it is well settled that under the requirements of the Prison Litigation Reform Act, prisoners "must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process." Woodford v. Ngo, 548 U.S. 81, 85 (2006) quoting Booth v. Churner, 532 U.S. 731, 734 (2001).

Next, in opposition to Plaintiff's second argument for reconsideration, Defendants have produced the Declaration of FCI-McKean Case Manager Robert Fair indicating that Plaintiff could have obtained grievance forms despite summer vacation schedules. Document # 41-2.

The United States Court of Appeals for the Third Circuit has instructed that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); see also Max's Seafood Café *ex rel.* Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). None of these factors are present here.

Because there is no basis upon which this Court should reconsider its decision dismissing the *Bivens* claim, Plaintiff's motion for reconsideration [Document # 39] is DENIED.

S/ Susan Paradise Baxter
Susan Paradise Baxter
Chief U.S. Magistrate Judge

Dated: January 26, 2009

3